UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANKLIN CAMILLOS, ET AL., | Case No.: 5:11-CV-05228 EJD |
| Plaintiffs, | **ORDER DENYING AMENDED MOTION FOR A TEMPORARY RESTRAINING ORDER** |
| v. | |
| US BANK NATIONAL ASSOCIATION, ET AL., | **(Re: Docket No. 7)** |
| Defendants. | |

Plaintiff Franklin Camillo and Plaintiff Celina Camillo move for a temporary restraining order enjoining Defendant U.S. Bank National Association ("U.S. Bank") and Defendant TD Service Company ("TD") from selling the Plaintiffs' real property. Having considered the moving papers, the Court DENIES Plaintiffs' motion for a temporary restraining order because the Complaint fails to adequately plead the existence of subject matter jurisdiction over the case.

**I. BACKGROUND**

The following facts are alleged in Plaintiffs' Complaint. Plaintiff owned property at 1136 Cadillac Court, Milpitas, California ("Subject Property"). Compl. ¶ 6. In 2007, Plaintiffs received a loan secured by a deed of trust on the Subject Property. Id. ¶¶ 7, 10. U.S. Bank and T.D. are attempting to foreclose against Plaintiffs but are not entitled to enforce the promissory note. Id. ¶¶ 8, 14-17. U.S. Bank is a company organized under the laws of Minnesota with its principal place of

business in Minnesota. Id. ¶ 2. T.D. is organized under the laws of California with its principal place of business in California. Id.

On October 26, 2011, Plaintiffs filed their complaint alleging causes of action for (1) negligence, (2) fraud, (3) "to dismiss and permanently stop trustee's sale," (4) wrongful/unlawful foreclosure (5) breach of the implied covenant of good faith and fair dealing, (6) unjust enrichment, and (7) and quiet title.[1] The complaint alleges that the court has jurisdiction because "[t]his case involves a contract for purchase of property located within the boundaries of the County of Santa Clara in the State of California." Id. at 1. Also on October 26, 2011, Plaintiffs filed a motion for a temporary restraining order. On October 27, 2011, Plaintiffs filed this amended motion for a temporary restraining order.

## II. DISCUSSION

"This Court has the duty to consider subject matter jurisdiction sua sponte in every case, whether the issue is raised by the parties or not." Spencer Enterprises, Inc. v. United States, 345 F.3d 683, 687 (9th 2003); see Fed. R. Civ. P. 12(h)(3) ("[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court presumes a lack of jurisdiction until the party asserting jurisdiction, Plaintiffs here, proves otherwise. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

The Complaint fails to identify a basis for the court's subject matter jurisdiction. Because the Complaint raises only state law causes of action, the court clearly lacks federal question jurisdiction under 28 U.S.C. § 1331. The court proceeds by examining whether diversity jurisdiction exists under 28 U.S.C. § 1332.

Federal diversity jurisdiction is available under Title 28 U.S.C. § 1332(a) when the matter in controversy is between citizens of different states. A party seeking to invoke diversity jurisdiction bears the burden of establishing absolute diversity of citizenship. Dweck v. Japan CBM Corp., 877 F.2d 790, 792 (9th Cir. 1989) (internal citations omitted). When federal subject matter jurisdiction is predicated upon diversity of citizenship, complete diversity must exist between the

---

[1] The Complaint also lists "Count VIII Standing," "Count IX Demand for Jury Trial," and "Count X Prayer for Relief."

opposing parties. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

The Complaint alleges that T.D. "is a California company, organized . . . under the laws of the State of California" and that it "maintains its principal business in the State of California." Compl. ¶ 2. Thus, for purposes of diversity of citizenship analysis, T.D. is a citizen of California. See 28 U.S.C. § 1332(c)(1).

Plaintiffs fail to allege their own citizenship.[2] "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." Thomas v. Bd. of Trs., 195 U.S. 207, 211 (1904). Because the Complaint fails to allege facts regarding the citizenship of Plaintiffs, the court cannot determine whether complete diversity of citizenship exists between the parties and therefore the case is subject to dismissal.

In the absence of a complaint setting out the basis for jurisdiction, the court lacks the jurisdiction to grant a temporary restraining order. See Greene v. Phila. Hous. Auth., No. 11–MC–60, 2011 WL 1833011, at *2 (E.D.Pa. May 11, 2011) (citing Powell v. Rios, 241 F. App'x 500, 505 n. 4 (10th Cir. 2007)). Thus, the motion for a temporary restraining order is denied. Plaintiffs, however, as a matter of right, may amend their complaint to include facts that would establish subject matter jurisdiction, if they can truthfully do so without contradicting the allegations in their current complaint. See Fed. R. Civ. P. 15(a). If Plaintiffs can successfully amend their complaint to establish subject matter jurisdiction, they may also file again a motion for a temporary restraining order, or they may file and notice for hearing a motion for a preliminary injunction.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for a temporary restraining order is DENIED. for lack of subject matter jurisdiction. If Plaintiffs fail to amend the Complaint to plead subject

---

[2] The Court notes that if Plaintiffs are domiciled at either the Subject Property or the address listed at the top of the Complaint, they are also citizens of California, and therefore the parties would not be completely diverse.

3

Case No.: 5:11-CV-05228 EJD
ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER

1  matter jurisdiction as permitted by Fed. R. Civ. P. 15(a), the Complaint will be dismissed without
2  prejudice.
3  IT IS SO ORDERED.
4  Dated:   Qevqdgt"49."4233

                                                  _____
                                                  EDWARD J. DAVILA
                                                  United States District Judge

Case No.: 5:11-CV-05228 EJD
ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER